### RUFUS LAPHAM *vs.* LAWRENCE B. NORRIS.

If after a set-off is filed to a declaration in assumpsit, the action be referred to an auditor, and subsequently dismissed for neglect of both parties to take out a commission, the defendant is not entitled to costs.

ASSUMPSIT. The action was entered in the court of common pleas for this county, at the September term, 1849, and the defendant duly filed an account in set-off. At the September term, 1850, the action was referred to an auditor, but no rule was taken out or applied for, and at the September term, 1851, the action was for that cause dismissed. The

defendant claimed costs, which the clerk, and on appeal from him, the court of common pleas, refused to allow, and the defendant appealed to this court.

*B. F. Butler*, for the defendant.

*J. G. Abbott*, for the plaintiff.

BY THE COURT. The defendant's claim for costs was rightly disallowed by the court of common pleas. After an account filed in set-off, the plaintiff cannot discontinue without the consent of the defendant. Rev. Sts. *c.* 96, § 24. Both parties are actors, and such was the condition when the case was referred to an auditor. Each had power to proceed, take out a commission, and procure a report, and in case of being the prevailing party, recover costs. But neither party did proceed within the spirit, if not the terms of the rule, (Rule 5, 1850.) The parties were equally in default, and the defendant was not entitled to costs as in case of an ordinary discontinuance by the plaintiff. *Costs disallowed.*